### AUSTIN, Banking Com'r, v. WELCH.
### (No. 1489.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 22, 1927.)

**Banks and banking ☞15—Adjudging entire deposit payable from guaranty fund was error, where evidence showed part bore interest within 90 days of bank's failure (Rev. St. 1925, art. 447).**

A judgment that entire deposit in state bank was noninterest bearing and payable from guaranty fund was erroneous, where undisputed evidence showed that part of deposit was interest bearing, or had ceased to be so within 90 days before failure, in view of Rev. St. 1925, art. 447, providing that no deposit bearing interest or changed to noninterest-bearing deposit within 90 days before bank's failure shall be protected by guaranty fund.

Appeal from District Court, Hardin County; J. L. Manry, Judge.

Action by Geo. B. Welch against Chas. O. Austin, Banking Commissioner, and another. From a judgment for plaintiff, defendant named appeals. Judgment reformed and affirmed.

Jno. W. Brady and Jno. W. Goodwin, both of Austin, for appellant.

Tom F. Coleman, of Lufkin, for appellee.

HIGHTOWER, C. J. Appellant in his brief makes a statement of the nature and result of this suit, which is conceded to be correct by appellee, and which we adopt. The appellee, Welch, as plaintiff, brought this suit against Chas. O. Austin, banking commissioner of this state, and the Hardin County State Bank, as defendants, alleging that on February 21, 1925, the banking commissioner took over the affairs and business of the bank under the banking laws of this state. Appellee further alleged that on and prior to such date the bank was doing business, and that it was on such date declared insolvent and taken in charge by the commissioner of banking, that appellee had on deposit in the bank, at the time it was taken over, subject to his check, the sum of $3,300, and that, on February 19, 1926, the banking commissioner classified appellee's claim against the bank as being that of a general unsecured creditor, and

rejected it as being payable out of the depositors' guaranty fund. He further alleged, in substance, that the classification by the banking commissioner was erroneous, and that his deposit was protected by and payable out of, the guaranty fund.

The answer was a general demurrer and general denial. The case was tried before the court without a jury, and judgment rendered in favor of the appellee for the amount sued for ($3,300), and the judgment established that amount as a preferred claim, payable out of the guaranty fund, and ordered the banking commissioner to so classify and pay the same.

The banking commissioner has duly prosecuted an appeal to this court, and, as we understand the contention of his counsel, the only real insistence for reversal of the judgment is that the trial court was in error in holding and decreeing that the whole amount sued for by appellee, $3,300, was protected by the guaranty fund under the law of this state. It is appellant's contention that, as to $1,500 of the amount on deposit in the bank, the same was an interest-bearing deposit under agreement between appellee and the bank, and that therefore, to the extent of $1,500, appellee's deposit was not protected by or payable out of the guaranty fund.

[1] We shall not go into a lengthy statement of the evidence in this case bearing upon this contention, but content ourselves with saying that the undisputed evidence in this record shows that to the extent of $1,500 appellee's deposit was interest bearing by agreement and contract between him and the bank at the time the bank was closed. If, however, there could be any mistake on our part as to the evidence on this point, nevertheless it appears, without any sort of contradiction that, if there was any change in the character for appellee's deposit to the extent of $1,-500, the same was made within less than 90 days of the failure and taking over of the bank. To be more specific in this connection, the undisputed evidence in this case shows that on the 12th of January, 1925, the bank paid to appellee $60 as interest on $1,500 of his deposit, which was calculated at the rate of about 4 per cent. for the year 1925. Certainly, if the character of the deposit from an interest-bearing to a noninterest-bearing deposit had been changed, the change took place within less than 90 days before the bank was taken over by the commissioner. Article 447, R. S. 1925, in so far as applicable here, reads as follows:

"No deposit upon which interest is being paid or contracted to be paid, either directly or indirectly by a banking institution, its officers or stockholders, and no secured deposit and no certificate of deposit, whether bearing interest or not, or any other kind of interest-bearing deposit, that shall have been changed to a non-interest-bearing and unsecured deposit within ninety days prior to the closing of a bank, * * * shall be protected or insured under the guaranty fund. * * * The class of deposits enumerated in this article shall only receive the pro rata amount that may be realized from the assets, resources and collections of and from such" payments.

The statute just quoted is conclusive of the question, in view of the undisputed evidence in this case. It is true that the trial court found that the whole of appellee's deposit, $3,-300, at the time of the bank's failure and for a year prior thereto, was noninterest bearing and unsecured, but, as we have stated, this finding is without a particle of evidence to support it, but, on the contrary, is in the face of the positive evidence of all the witnesses and of the records in the bank, as we have stated.

[2, 3] It follows that the trial court's judgment, in so far as it declares that appellee's entire deposit is protected by the guaranty fund and payable out of the same, is erroneous and must be reformed; and, since the evidence in this case shows without dispute as to $1,800 of appellee's deposit the same was a noninterest-bearing and unsecured deposit, the same is protected by and payable out of the guaranty fund under the banking laws of this state; and it should be here so decreed and ordered that the judgment of the trial court, in so far as it decrees a recovery in favor of appellee for the full amount of his deposit, $3,300, be affirmed, but the judgment, in so far as it classifies the whole amount of appellee's deposit as an unsecured and noninterest-bearing claim and orders its payment and classification as such out of the guaranty fund, that the judgment must be reformed; and it is therefore the judgment and order of this court that appellant, the banking commissioner, shall classify $1,800 of appellee's claim as secured by and payable out of the guaranty fund under the banking laws of this state, and pay the same accordingly, but, as to $1,500 of appellee's claim, the same is adjudged to be only a general unsecured claim, and is entitled only to pro rata payment as such along with other creditors out of the assets of the bank.

Judgment reformed and affirmed.